| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Tracey L. Hamiter, Individually and as Personal Representative of the Estate of Doris Nichols, | ) ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2016-CP - 40- 00750 |
| vs. | ) | |
| | ) | |
| Life Care Center of Columbia, and Life Care Centers of America, Inc., | ) ) | |
| Defendant(s) | ) | |

Submitted By: Jennifer Spragins Burnett     SC Bar #: 69617
Address: PO Box 35, Anderson, SC 29622      Telephone #: (864) 964-0333
                                            Fax #: (864) 964-0930
                                            Other:
                                            E-mail:

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☒ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _Burnett_   Date: 2.1.16

SCCA / 234 (06/2015)                                            Page 1 of 3

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
                   **Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | |
| Tracey L. Hamiter, Individually and as Personal Representative of the Estate of Doris Nichols, | C.A. FILE NO. 2016-CA-40-_____ |
| Plaintiff, | |
| vs. | **SUMMONS** (Wrongful Death) |
| Life Care Center of Columbia, and Life Care Centers of America, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

TO THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at this office at Post Office Box 35, Anderson, South Carolina, 29622, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

{signature page follows}

_____
Jennifer Spragins Burnett
**Harbin & Burnett, L.L.P.**
2124 North Highway 81 (29621)
P.O. Box 35
Anderson, SC 29622
(864) 964-0333
**ATTORNEY FOR THE PLAINTIFFS**

Anderson, South Carolina
February 1, 2016

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | |
| Tracey L. Hamiter, Individually and as Personal Representative of the Estate of Doris Nichols, | C.A. FILE NO. 2016-CA-40-_____ |
| Plaintiff, | **COMPLAINT** (Wrongful Death Action) |
| vs. | |
| Life Care Center of Columbia, and Life Care Centers of America, Inc., | **JURY TRIAL DEMANDED** |
| Defendants. | |

The Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court and allege as follows:

### Jurisdictional Allegations

1. The Plaintiff, Tracey L. Hamiter, ("Ms. Hamiter"), is the duly appointed, qualified, and acting Personal Representative of the Estate of her Mother, Doris Nichols, ("Mrs. Nichols"), as defined by South Carolina Code Ann. § 62-3-203. Ms. Hamiter is a resident of the County of Richland, State of South Carolina.

2. Doris Nichols, ("Mrs. Nichols"), was a resident of Life Care Center of Columbia, ("LCC"), located at 2514 Faraway Drive, in Columbia, Richland County, South Carolina.

3. Ms. Hamiter has the authority to pursue this Action on behalf of the wrongful death beneficiaries pursuant to South Carolina Code Ann. § 15-51-20.

4. The Decedent, Mrs. Nichols, ("Mrs. Nichols") was, at the time of her death, a resident of the skilled nursing facility doing business as Life Care Center of Columbia.

5. Upon information and belief, the Defendant, LCC is organized and existing under the laws of the State of South Carolina, and is licensed to do and is doing business in the County of Richland, State of South

Carolina. LCC is licensed as a skilled nursing facility and operating as a "nursing home" as defined by S.C. Code Ann. §40-35-20(7) and/or a "long term care facility" as defined by S.C. Code Ann. §44-81-30(1).

6.     At all times relevant to the Plaintiff's Complaints, LCC acted by and through its agents, contractors, and employees, for the purpose of carrying on its business as a long term care facility and therefore, it is liable for the negligent acts of its agents, contractors, and employees, under the theories of non-delegable duty and *respondeat superior*.

7.     The Defendant Life Care Centers of America, Inc., is corporation organized and existing under the laws of the State of South Carolina and doing business in the County of Richland, State of South Carolina. At all times relevant to the Plaintiff's Complaint, this Defendant acted by and through its agents, contractors, and employees for the purpose of carrying on its business as a medical healthcare provider and therefore, it is liable for the negligent acts of its agents, contractors, and employees under the theories of non-delegable duty and *respondeat superior*.

8.     Upon further information and belief, the Defendant Life Care Centers of America, Inc., owns, operates manages, controls, leases, is the alter-ego, or is doing business as the Long Term Care entity LCC, (hereafter collectively "Defendants").

9.     Upon further information and belief, one or more of the Defendants own, operate, control, direct, manage, or provide management or consulting services and oversight to LCC. Upon further information and belief, one or more of these Defendants provides clinical oversight and specifically approves and controls the budget of LCC, specifically clinical staffing budgets and other budget items which directly affected the care Mrs. Nichols received while under the care of the Defendants.

10.    At the time of the incidents giving rise to the Plaintiff's Complaints, these Defendants acted by and through their agents, contractors, and employees, for the purpose of carrying on their business as a skilled nursing facility and therefore, are liable for the negligent acts of their agents, contractors, and employees under the theories of non-delegable duty and *respondeat superior*.

11. Defendants, held themselves out to the Public at large as being: trained to meet the physical and emotional needs of skilled nursing patients, including Mrs. Nichols; and properly staffed for 24-hour care.

12. The facts and circumstances alleged herein and giving rise to the Plaintiff's Complaints occurred in the County of Richland, State of South Carolina.

13. Jurisdiction and venue are proper in this judicial circuit pursuant to South Carolina Code Ann. § 15-7-30(B).

14. This action is brought for damages and other appropriate relief pursuant to the statutory and common law of the State of South Carolina, the Omnibus Budget Reconciliation Act of 1987, ("OBRA") and the Regulations of the South Carolina Department of Health and Environmental Control.

15. Upon information and belief, one or more agents of the Defendants were grossly negligent, willful, wanton, and reckless in their acts and omissions towards Mrs. Nichols. As such, the Plaintiff expressly pleads that the limitation on non-economic damages set forth in South Carolina Code § 15-32-220 does not apply to a verdict in these matters pursuant to § 15-32-220(E).

16. Upon information and belief, one or more agents of the Defendants engaged in fraud and misrepresentation in documentation in the medical records of Mrs. Nichols. As such, the Plaintiff expressly pleads that the limitation on non-economic damages set forth in South Carolina Code § 15-32-220 does not apply to a verdict in these matters pursuant to § 15-32-220(E).

17. Plaintiff expressly pleads that the limitation on non-economic damages set forth in South Carolina Code § 15-32-220 is an unconstitutional limitation on the right to trial by jury and a violation of the equal protection afforded the Plaintiff under the Constitution of the State of South Carolina and the United States Constitution.

## Factual Allegations

18. On or about December 23, 2013, Doris Nichols was admitted to LCC from Palmetto Health Baptist after a hospitalization related to pneumonia.

19.     Upon admission to LCC, Mrs. Nichols' admitting diagnoses included: pneumonia, acute encephalopathy, hypertension, dementia, anxiety, and history of breast cancer.

20.     Mrs. Nichols was at risk for skin breakdown due to her known conditions and debility.

21.     Mrs. Nichols' condition was allowed to deteriorate until she was admitted to the hospital on February 7, 2014.

22.     Mrs. Nichols was admitted to hospice care on February 17, 2014 and passed away on March 12, 2014.

## First Cause of Action
### (Negligence as to all Defendants)

23.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

24.     During all times relevant, the Defendants' acts and omissions amounted to negligence, recklessness and a willful and wanton disregard for the health and well-being of Mrs. Nichols.

25.     As a direct and proximate result of the willful and wanton and reckless acts, as well as the gross negligence of the Defendants, Mrs. Nichols sustained severe injuries and death.

26.     Ms. Hamiter, Individually and as Personal Representative of the Estate of her Mother, is entitled to recover compensatory damages from the Defendants in an amount to be determined by this Court.

27.     Ms. Hamiter, Individually and as Personal Representative of the Estate of her Mother, is entitled to recover punitive damages from the Defendants in an amount as to be determined by this Court.

28.     Following the acceptance of Mrs. Nichols as a resident, the Defendants were under a continuing duty both under the statutory and common law of South Carolina, as well as by the terms of said admission agreement to exercise reasonable care in their treatment of Mrs. Nichols, in light of her known conditions.

4

29.     The Defendants were negligent, willful, wanton, reckless and grossly negligent and deviated from the expected standards of skill, care, and learning in their treatment of Mrs. Nichols in the following particulars:

a. By failing to monitor Mrs. Nichols and prevent accidents, including falls, injuries, and death;
b. By failing to train and educate nursing staff and nursing assistants;
c. By failing to supervise nursing staff;
d. By failing to intervene when Mrs. Nichols's condition so required;
e. By failing to provide timely acute care to Mrs. Nichols;
f. By failing to notify the physician and responsible party of Mrs. Nichols's condition;
g. By failing to document completely and accurately regarding Mrs. Nichols's condition;
h. By failing to implement policies and procedures to prevent Mrs. Nichols from being neglected and abused;
i. By failing to ensure the Medical Director appropriately coordinated the care provided to Mrs. Nichols;
j. By failing to maintain clinical records on Mrs. Nichols in accordance with accepted professional standards and practices;
k. By failing to provide adequate clinical oversight for nursing staff, including ensuring that budgets provided for sufficient nursing personnel to meet acuity needs of the residents, including Mrs. Nichols;
l. By failing to provide adequate clinical oversight for nursing staff, including ensuring that nursing staff had sufficient education, training, experience, and oversight to meet the needs of the residents, including Mrs. Nichols;
m. By failing to provide adequate quality assurance for clinical activities;
n. By failing to provide adequate management, administrative, and supervisory personnel;
o. By failing to provide adequate corporate or regional supervision to ensure that clinical services were being provided consistent with State and Federal regulations and the applicable Standard of Care;
p. By failing to allocate adequate pecuniary resources to ensure that Mrs. Nichols received the care and treatment her known conditions reasonably required;
q. By failing to provide adequate oversight by the Administrator and Medical Director to ensure that staff were competent, trained in meeting the needs of the residents, and acting in compliance with

professional and facility standards as well as well as Policies and Procedures and the applicable standard of care;

r. By failing to develop and implement adequate Policies and Procedures;

s. By failing to provide services that were necessary to avoid physical harm and mental anguish;

t. By failing to provide Mrs. Nichols with services that were necessary to attain or maintain physical, mental, and psychosocial well-being;

u. By failing to comply with State and Federal Laws and regulations;

v. By failing to meet professional standards;

w. By failing to use the degree of care as would have been used by medical care providers of reasonable skill and prudence under the prevailing standards of care; and

x. By other negligent or grossly negligent acts and/or omissions yet to be determined or defined; and

y. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

30. As a direct and proximate result of the negligence, recklessness, and gross negligence of the Defendants, as set forth above, Mrs. Nichols, suffered emotional and physical pain, mental pain, mental anguish, and emotional distress.

31. Ms. Hamiter is entitled to recover damages, as set forth herein, from the Defendants in an amount as to be determined by this Court.

### Second Cause of Action
### (Gross Negligence as to all Defendants)

32. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

33. During all times material to the claims herein, the Defendants' acts and omissions amounted to gross negligence, recklessness, and a willful and wanton disregard for the safety and well-being of Mrs. Nichols. The reckless, willful and wanton acts of the Defendants include, but are not limited to those set forth in the foregoing Paragraphs.

6

34.     As a direct and proximate result of the willful and wanton acts, as well as the gross negligence of the Defendants, Mrs. Nichols sustained severe injuries and damages which caused her death.

35.     As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Mrs. Nichols suffered and died, and Plaintiff, Ms. Hamiter, Individually and as Personal Representative, has suffered damages as more fully set forth in the following Paragraphs.

## Third Cause of Action
## (Negligence *Per Se*)

36.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

37.     In addition to the aforementioned negligent acts, the Defendants violated the O.B.R.A. Regulations, South Carolina Code, and the South Carolina Nurse Practice Act, South Carolina Regulations, which establish the minimum standard of care to be followed by nursing homes, such violations being negligent and negligent *per se*.

38.     These legislative and administrative regulations are designed to prevent injury to a class of persons to which Mrs. Nichols belonged.

39.     These violations by Defendants were the proximate cause of Mrs. Nichols's injuries, damages, and death.

## Damages

40.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

41.     As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Mrs. Nichols suffered numerous painful, severe, and grievous injuries to her body which caused her death.

42.  In accordance with S.C. Code Ann. § 15-51-40, and as a direct result of the Defendants' negligence and gross negligence, Tracey Hamiter, Individually and on behalf of the statutory beneficiaries, has incurred the following:

   a. Grief and sorrow;
   b. Loss of companionship;
   c. Mental shock and suffering;
   d. Deprivation of the use and comfort of Mrs. Nichols's society;
   e. Loss of Mrs. Nichols's experience, knowledge, and judgment in managing her affairs;
   f. Funeral and burial expenses; and
   g. Punitive damages.

43.  Ms. Hamiter, Individually and as Personal Representative of the Estate of her Mother, is entitled to recover actual and punitive damages from the Defendants in an amount as to be determined by this Court.

## Punitive Damages

44.  The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

45.  The acts and/or omissions of the Defendants, as stated above, were willful, wanton, and/or in reckless disregard for the safety, well-being, and life of Mrs. Nichols.

46.  As a direct and proximate result of the willful, wanton, and/or reckless acts and omissions of the Defendants, Mrs. Nichols suffered and lost her life.

47.  The conduct of the Defendants as set forth above justifies an award of punitive damages for each and every claim of the Plaintiff as set forth herein.

**WHEREFORE**, the Plaintiff demands a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure (SCRCP), and prays for judgment against the Defendants, for actual and punitive damages in an amount to be determined by the jury which Plaintiff alleges to be in excess of One Hundred

Thousand and No/100 ($100,000.00) Dollars actual damages, such allegation being made for the purpose set forth in Rule 30(h) of the SCRCP, for the costs of this action, and for such other and further relief as this court may deem just and proper.

_____
Jennifer Spragins Burnett (SC Bar 69617)
**Harbin & Burnett, LLP**
2124 Highway 81 North (29621)
P.O. Box 35
Anderson, SC  29622-0035
(864) 622-7801 (direct dial)
(864) 964-0930 (Facsimile)

February 1, 2016
Anderson, South Carolina